

Colin F. Campbell, 004955
John L. Blanchard, 018995
Shane M. Ham, 0257753
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
ccampbell@omlaw.com
jblanchard@omlaw.com
sham@omlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Al-Misehal Commercial Group, Ltd., <br><br> Plaintiff, <br><br> v. <br><br> The Armored Group, LLC, <br><br> Defendant. | No. CV 10-1303-PHX-MHM <br><br> **APPLICATION FOR LETTER ROGATORY FOR INTERNATIONAL JUDICIAL ASSISTANCE FOR THE TAKING OF EVIDENCE IN A CIVIL MATTER** |

Pursuant to Rules 28(b)(1)(B) and 4(f)(2)(B) of the Federal Rules of Civil Procedure, Defendant The Armored Group, LLC, hereby requests that the Court issue a letter rogatory, as defined in 22 C.F.R. § 92.54, requesting that the General Court of Riyadh in the Kingdom of Saudi Arabia compel the deposition of HRH Crown Prince Sultan bin Abdulaziz Al-Saud.  This application is supported by the accompanying Memorandum of Points and Authorities.  A copy of the requested letter rogatory formatted in compliance with LRCiv. 7.1, is attached to this application for the Court's signature and certification.  Subsequent to the issuing of the letter rogatory, Defendant shall obtain a certified translation into the Arabic language and authentication of the Embassy of Saudi Arabia before placing the letter into the

1  diplomatic channel through the United States Department of State pursuant to 28
2  U.S.C. § 1781(a)(2).

### MEMORANDUM OF POINTS AND AUTHORITIES

**1.     Relevant Facts**

At issue in this case is a contract for The Armored Group to outfit several luxury SUVs with armored plating, remote-controlled machine guns, and radio-frequency "jammers" designed to defeat improvised explosive devices.  The vehicles were to be delivered to Al-Misehal Commercial Group, which in turn intended to sell the vehicles to the palace of Crown Prince Sultan bin Abdulaziz Al-Saud of Saudi Arabia.

On March 15, 2011, Plaintiff disclosed that Don N. De Marion would testify as an expert witness "regarding the usual course of business dealings between private entities and prominent clients within the Kingdom of Saudi Arabia."[1]  Mr. De Marion will testify that businesses in Saudi Arabia generally do not require written agreements memorializing the terms of oral contracts with high-ranking authorities in the Saudi government.[2]  He will also testify that contracts for the sale "national security items" typically yield a profit margin of 30 percent.[3]

Perhaps not coincidentally, Plaintiff has not disclosed any written contract to re-sell the armored SUVs to Crown Prince Sultan at a 30 percent mark-up.  Evidence of such a contract will be necessary for their claim for lost profits.  Based on their disclosure, it appears that Plaintiff intends to prove the existence of this contract through the testimony of officers and employees of Al-Misehal Commercial Group,

---

[1] *See* Plaintiff Al-Misehal Commercial Group Ltd's Expert Disclosures, dated March 15, 2011, attached as **Exhibit A**.

[2] *Id.*

[3] *Id.*

and bolster the credibility of their proof of an unwritten multi-million dollar contract with the expert testimony of Mr. De Marion.

Although the full extent of Crown Prince Sultan's knowledge of the contract to purchase the armored SUVs is not yet known to Defendant, it is known that the Crown Prince took a personal interest in this transaction.  An email disclosed by Plaintiff indicates that the prince himself had a personal conversation with Adil Al-Misihal, the chairman of Al-Misehal Commercial Group, regarding the manufacturing status of the vehicles.[4]

## 2.     **Legal Authority for Letters Rogatory**

This Court has statutory authority to transmit a letter rogatory seeking discovery to a foreign tribunal.  28 U.S.C. § 1781(b)(2); *see also* the All Writs Act, codified at 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").   Because Saudi Arabia is not a member of either the Hague Service Convention[5] or the Hague Evidence Convention[6] the appropriate method for acquiring deposition evidence is a letter rogatory.  *See* Fed. R. Civ. P. 28(b)(1) (A deposition may be taken in a foreign country, *inter alia*, under an applicable treaty or convention or "under a letter of

---

[4] Email from James Davies, representative of Al-Misehal Commercial Group to Dennis Mark, Vice President of Sales for The Armored Group, dated April 25, 2006, attached as **Exhibit B** ("This I realize is only to keep our customer happy but now ***I am getting call [sic] from the president of our company who has been contacted by the Prince himself*** so we need some assistance on this.") (emphasis added).

[5] A list of member states is available at the web site for the Hague Conference on Private International Law.  *See* http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited March 24, 2011).

[6] *See* http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last visited March 24, 2011)

request, whether or not captioned a 'letter rogatory'"); Fed. R. Civ. P. 4(f)(2)(B) (service in foreign countries with no treaty or convention in place may be made by letters rogatory).

**3.    Argument**

Defendant must be permitted to take the deposition of Prince Sultan in order to mount a defense against Plaintiff's claims of lost profits. In order to prevail on a claim of lost profits, Plaintiff will need to prove the dollar amount lost with reasonable certainty. *Rancho Pescado, Inc. v. Northwestern Mut. Life Ins. Co.*, 140 Ariz. 174, 183-84, 680 P.2d 1235, 1244-45 (App. 1984). It is apparent that Plaintiff will attempt to do so by use of expert testimony.[7]

In this case, however, it is possible to ascertain the actual amount of lost profits despite the fact that Plaintiff never received a written verification of the multi-million dollar contract. Crown Prince Sultan was the other party to the Plaintiff's oral contract, and he was personally involved in Defendant's ongoing performance of the contract.[8] In all likelihood, Crown Prince Sultan can testify directly to the terms of the contract between himself and Al-Misehal Commercial Group. Without his testimony, Defendant will be limited to rebutting expert testimony about how contracts in Saudi Arabia *usually* happen even though evidence exists showing what *actually* happened.

Moreover, Crown Prince Sultan will be able to offer other testimony relating to important issues at trial. Those issues include whether Crown Prince Sultan refused to permit Defendant from using different radio-frequency "jammers" in the vehicles, a key fact on which both the claim and counterclaim of breach of contract will turn.

---

[7] *See* Exhibit A.

[8] *See* Exhibit B.

3584555

**4.     Conclusion**

The requested discovery is vital to a number of defenses that Defendant will raise at trial, and the discovery is permitted under the laws of the United States and the Federal Rules of Civil Procedure.  For the foregoing reasons, Defendant respectfully requests that the Court issue a letter rogatory seeking the assistance of the Saudi Arabian courts to secure this key evidence.

DATED this 30th day of March, 2011.

                                  OSBORN MALEDON, P.A.

By s/ John L. Blanchard
    Colin F. Campbell
    John L. Blanchard
    Shane M. Ham
    2929 N. Central Avenue, Suite 2100
    Phoenix, AZ  85012-2793

Attorneys for Defendant

I hereby certify that on March 30, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James S. McNeill
Gary K. Brucker, Jr.
McKenna Long & Aldridge LLP
4435 Eastgate Mall, Suite 400
San Diego, CA 92121

Teresa S. Thayer
Thayer & Thayer, P.C.
2800 N. Central Ave., Suite 1100
Phoenix, AZ  85004-1043

Thomas M. Quigley
Sherman & Howard L.L.C.
2800 N. Central Ave., Suite 1100
Phoenix, AZ  85004-1043

Attorneys for Plaintiff

 s/ Lindsay B. Jensen