UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| AL-MISEHAL COMMERCIAL GROUP LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | 2:10-cv-01303 JWS |
| vs. | ) ) | ORDER AND OPINION |
| THE ARMORED GROUP LLC, | ) ) | [Re: Motion at Docket 30] |
| Defendant. | ) ) ) | |

## I.  MOTION PRESENTED

At docket 30, defendant The Armored Group LLC moves for leave to file a counterclaim pursuant to Federal Rule of Civil Procedure 15(a)(2).  At docket 38, plaintiff Al-Misehal Commercial Group Limited opposes the motion.  Defendant replies at docket 41.  Oral argument was not requested, and it would not assist the court.

## II.  PROCEDURAL BACKGROUND

On June 21, 2010, plaintiff Al-Misehal Commercial Group Limited ("Al-Misehal") filed a complaint against defendant The Armored Group LLC ("Armored Group") , alleging claims of breach of contract and unjust enrichment.[1]  This court has jurisdiction

---

[1]Doc. 1.

based on diversity of citizenship between the parties pursuant to 28 U.S.C.

§ 1332(a)(1).  Defendant Armored Group filed its answer to the complaint on September

7, 2010.[2]  On November 22, 2010, a case management conference was held pursuant

to Federal Rule of Civil Procedure 16.  On November 24, 2010, the court issued a Rule

16 scheduling order which affirmed the dates discussed in the case management

conference and set the deadline for amending pleadings at 60 days from the date of the

scheduling order, or January 24, 2011.  The scheduling order further stated,

> The Court fully intends to enforce the deadlines in the Case Management Order.
> No extensions to the dispositive motions deadline will be granted due to case
> processing problems, discovery disputes, or settlement negotiations.  The parties
> should plan their litigation activities accordingly.[3]

Defendant Armored Group now requests leave to amend its answer to add a

counterclaim alleging breach of contract.  Plaintiff Al-Misehal opposes the motion.  A

settlement conference in this action is set for May 13, 2011, before Magistrate Judge

Mark E. Aspey.[4]

### III.  DISCUSSION

Defendant Armored Group requests leave to amend its answer to allege a

counterclaim pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that a

party may amend its pleading "only with the opposing party's written consent or the

court's leave."  Armored Group's reliance on Rule 15(a)(2) is erroneous.  Once the

district court has filed a scheduling order pursuant to Federal Rule of Civil Procedure

---

[2]Doc. 15.

[3]Doc. 21 at p. 6.

[4]Doc. 26.

-2-

Rule 16(b) establishing a timetable for amending pleadings, the standards of Rule16(b) control.[5]  Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[6]  "If the party seeking the amendment was not diligent, the inquiry should end" and the motion should not be granted.[7]  If good cause is shown, the party must demonstrate that amendment was proper under Rule 15.[8]  Under Rule 15(a), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."[9]

Here, defendant Armored Group did not specifically request the court to modify its scheduling order: it merely moved for leave to file an amended answer to add a counterclaim.[10]  In addition, defendant Armored Group did not demonstrate diligence in attempting to comply with the deadlines set in the Rule 16 scheduling order.  Armored

---

[5]*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-607 (9th Cir. 1992).

[6]*Johnson*, 975 F.2d at 609.

[7]*Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation and citation omitted).

[8]*Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

[9]*Id.* at 607.

[10]*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985).

Group filed its motion to amend its answer over two months after the deadline for amending pleadings.  In its motion for leave to file a counterclaim, defendant Armored Group also failed to demonstrate any good cause for modifying the scheduling order as required by Rule 16(b).  Armored Group argues for the first time in its reply brief that "the good cause required by Rule 16(b)(4) is the newly-discovered facts about the events surrounding the transaction in Saudi Arabia, which were not revealed until the commencement of discovery."[11]  Armored Group's argument is neither timely nor persuasive.

Because Armored Group has failed to demonstrate diligence in complying with the scheduling order or good cause for modifying the scheduling order, the court will deny defendant's motion for leave to amend its answer to add a counterclaim.  In its reply brief, defendant suggests that a change in the scheduling order is "inevitable," because it will be impossible to meet the discovery deadline set in the scheduling order in light of the recently issued letter rogatory.  A change in the scheduling order is not "inevitable" or automatic.  Defendant must file a properly supported motion under Rule 16(b)(4) and the court must grant the motion for the scheduling order to change.

---

[11]Doc. 41 at p. 4.

## IV.  CONCLUSION

For the reasons set out above, defendant's motion at docket 30 for leave to file a counterclaim is **DENIED**.

DATED this 26th day of April 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE