UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AL-MISEHAL COMMERCIAL GROUP LIMITED,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE ARMORED GROUP LLC,<br><br>　　　　Defendant. | 2:10-cv-01303 JWS<br><br>ORDER AND OPINION<br>[Re: Motion at Docket 42] |

## I.  MOTION PRESENTED

At docket 42, defendant The Armored Group LLC ("Armored Group") moves for leave to amend its answer pursuant to Federal Rule of Civil Procedure 15(a)(2).  At docket 45, plaintiff Al-Misehal Commercial Group Limited ("Al-Misehal") opposes the motion.  Defendant replies at docket 48.  Oral argument was requested, but it would not assist the court.

## II.  PROCEDURAL BACKGROUND

On June 21, 2010, Al-Misehal filed a complaint against Armored Group, alleging claims of breach of contract and unjust enrichment.[1]  This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Armored Group filed its answer to the complaint on September 7, 2010.[2]  On November 22, 2010, a case management conference was held pursuant to Federal Rule of Civil Procedure 16.  On November 24, 2010, the court issued a Rule 16 scheduling order, affirming the dates discussed in the case management conference and setting the deadline for amending pleadings at 60 days from the date of the scheduling order, or January 24, 2011.  The scheduling order further stated,

> The Court fully intends to enforce the deadlines in the Case Management Order.  No extensions to the dispositive motions deadline will be granted due to case processing problems, discovery disputes, or settlement negotiations.  The parties should plan their litigation activities accordingly.[3]

On March 30, 2011, Armored Group moved for leave to amend its answer pursuant to Federal Rule of Civil Procedure 15(a)(2) to add a counterclaim alleging breach of contract.   By order dated April 26, 2011, the court denied Armored Group's motion on the grounds that Armored Group did not request the court to modify the Rule 16 scheduling order, did not demonstrate diligence in attempting to comply with the

---

[1] Doc. 1.

[2] Doc. 15.

[3] Doc. 21 at p. 6.

deadlines set in the scheduling order, and failed to show good cause for modifying the scheduling order.[4]

### III.  DISCUSSION

Armored Group again requests leave pursuant to Rule 15(a)(2) to amend its answer to add an affirmative defense alleging that Al-Misehal's complaint is barred by the applicable statute of limitations.  Rule 15(a)(2) provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave."  Armored Group's reliance on Rule 15(a)(2) is unavailing.  Once the district court has filed a scheduling order pursuant to Federal Rule of Civil Procedure Rule 16(b) establishing a timetable for amending pleadings, the standards of Rule16(b) control.[5]  Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[6]  "If the party seeking the amendment was not diligent, the inquiry should end" and the motion should not be granted.[7]  If good cause is shown, the party must demonstrate that amendment was proper under Rule 15.[8]  Under Rule 15(a),

---

[4]Doc. 43.

[5]*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-607 (9th Cir. 1992).

[6]*Johnson*, 975 F.2d at 609.

[7]*Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation and citation omitted).

[8]*Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

"leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."[9]

Here again, Armored Group did not request the court to modify its scheduling order. It merely moved for leave to file an amended answer to add a counterclaim.[10] Moreover, in light of the fact that Armored Group moved to amend its answer three months after the deadline for amending pleadings, Armored Group has failed to demonstrate diligence in attempting to comply with the scheduling order's deadlines. Armored Group has also failed to demonstrate good cause for modifying the scheduling order. Armored Group argues that "newly discovered evidence" indicates that Al-Misehal stated its decision to break the contract at issue in June 2006. As the "newly discovered evidence" appears to be e-mails exchanged between Armored Group and Al-Misehal in 2006, Armored Group's argument is not persuasive. Based on the above reasons, the court will deny Armored Group's motion for leave to amend its answer. If there is no prejudice to Al-Misehal, Armored Group may raise its statute of limitations defense in a motion for summary judgment.[11]

---

[9] *Id.* at 607.

[10] *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985).

[11] *Healy Tibbitts Const. Co. v. Insurance Co. of North America*, 679 F.2d 803, 804 (9th Cir. 982); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984).

## IV.  CONCLUSION

For the reasons set out above, defendant's motion at docket 42 for leave to amend its answer is **DENIED**.

DATED this 26th day of May 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE