UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AL-MISEHAL COMMERCIAL GROUP LIMITED, | ) ) ) |
| Plaintiff, | ) 2:10-cv-01303 JWS ) |
| vs. | ) ORDER AND OPINION ) [Re: Motion at Docket 44] |
| THE ARMORED GROUP LLC, | ) ) |
| Defendant. | ) ) |

## I.  MOTION PRESENTED

At docket 44, defendant The Armored Group LLC ("Armored Group") moves to amend the scheduling order entered at docket 21 by extending the deadlines for completing fact discovery and filing dispositive motions by one year.  At docket 47, plaintiff Al-Misehal Commercial Group Limited ("Al-Misehal") opposes the motion.  Defendant replies at docket 52.  Oral argument was not requested, and it would not assist the court.

## II.  PROCEDURAL BACKGROUND

On June 21, 2010, Al-Misehal filed a complaint against Armored Group alleging claims of breach of contract and unjust enrichment.[1]  This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Armored Group filed its answer to the complaint on September 7, 2010.[2]  On November 22, 2010, a case management conference was held pursuant to Federal Rule of Civil Procedure 16.  On November 24, 2010, the court issued a Rule 16 scheduling order, affirming the dates discussed in the case management conference and setting July 15, 2011 and August 15, 2011 as the deadlines for completing fact discovery and filing dispositive motions, respectively.  The scheduling order further stated,

> The Court fully intends to enforce the deadlines in the Case Management Order.  No extensions to the dispositive motions deadline will be granted due to case processing problems, discovery disputes, or settlement negotiations.  The parties should plan their litigation activities accordingly.[3]

On March 30, 2011, Armored Group moved for issuance of a letter rogatory to compel the deposition of HRH Crown Prince Sultan bin Abdulaziz Al-Saud.[4]  Al-Misehal did not oppose the motion, and the court issued the letter rogatory requesting international judicial assistance for the taking of evidence in this civil matter on April 21, 2011.[5]  Armored Group and Al-Misehal stipulated to an Arabic translation of the letter

---

[1] Doc. 1.

[2] Doc. 15.

[3] Doc. 21 at p. 6.

[4] Doc. 34.

[5] Doc. 40.

rogatory, and the translation of the letter rogatory was purportedly submitted to the Royal Embassy of Saudi Arabia in Washington, D.C. for certification on or before May 20, 2011.[6]

### III.  DISCUSSION

Armored Group requests modification of the scheduling order entered pursuant to Federal Rule of Civil Procedure Rule 16(b).  Armored Group specifically seeks to extend the deadline for completion of fact discovery by one year to July 15, 2012, extend the deadline for filing dispositive motions by one year to August 15, 2012, amend the scheduling order to clarify that the deadline for joining parties and amending pleadings is 60 days from the date of the original scheduling order, and add language providing that "any party who wishes to further extend the schedule because the letter rogatory has not been executed within one year must file a motion to amend within 10 days of the amended discovery deadline."[7]

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion."[8]  Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  "Rule 16(b)'s 'good cause' standard primarily considers the diligence

---

[6] Doc. 46.

[7] Doc. 44 at p. 3.

[8] *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

of the party seeking the amendment."[9] "If the party seeking the amendment 'was not diligent, the inquiry should end' and the motion to modify should not be granted."[10]

To support the substantial extensions of time requested, Armored Group argues that despite its diligent efforts, the existing deadlines cannot reasonably be met because "[i]n all likelihood it will take at least one year for the General Court of Riyadh to execute the letter rogatory," and Armored Group cannot complete discovery or file a motion for summary judgment until it learns "whether a deposition will take place pursuant to the letter rogatory."[11] Armored Group further contends that the court found good cause to issue the letter rogatory and the "same good cause justifies extending the discovery and dispositive motion deadlines to await a response to that letter."[12]

Al-Misehal argues that the court should deny the motion to modify because Armored Group "cannot demonstrate good cause for modifying the scheduling order and thereby delaying the case for such a lengthy period."[13] Al-Misehal further contends that "[w]hile [Armored Group] has a right to seek discovery, that right is not good cause for delaying this case for a year" or longer.[14]

---

[9]*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[10]*Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

[11]Doc. 44 at p. 2.

[12]Doc. 52 at p. 5.

[13]Doc. 47 at p. 2.

[14]*Id.* at p. 3.

The court is charged with administering the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."[15]  Here, Armored Group's request for an extension of time to execute a letter rogatory to depose a foreign crown prince who may have relevant information is reasonable.  It also appears Armored Group has been diligent in its efforts to execute the letter rogatory.  On the other hand, Al-Misehal also has an interest in the just and expeditious resolution of its claims and in following the "agreed-upon course of the litigation" established in the case management conference and the Rule 16 scheduling order.[16]

Accordingly, the court will extend the deadlines for completing fact discovery and filing dispositive motions by six months.  Should any additional modifications to the Rule 16 scheduling order be required, either party may file a properly supported motion to modify pursuant to Rule 16(b)(4).  The court further notes that a settlement conference in this matter is set before Magistrate Judge Mark Aspey on June 6, 2011.  The parties are encouraged to work towards a "just, speedy, and inexpensive" resolution of this action.

## IV.  CONCLUSION

For the reasons set out above, defendant's motion at docket 44 for leave to modify the scheduling order at docket 21 is **GRANTED in part** as follows.  The deadline

---

[15] Fed. R. Civ. P. 1.

[16] *Johnson*, 975 F.2d at 611.

for completion of fact discovery is extended to **January 15, 2012**, and the deadline for filing dispositive motions is extended to **February 15, 2012**.

DATED this 1st day of June 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE