UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| AL-MISEHAL COMMERCIAL GROUP, LTD., | ) ) ) | |
| Plaintiff, | ) ) | 2:10-cv-01303 JWS |
| vs. | ) ) | ORDER AND OPINION |
| THE ARMORED GROUP LLC, | ) ) | [Re: Motion at Docket 97] |
| Defendants. | ) ) ) | |

## I.  MOTION PRESENTED

At docket 97, defendant The Armored Group, LLC ("TAG") moves pursuant to Federal Rule of Civil Procedure 56 for summary judgment.  Plaintiff Al-Misehal Commercial Group, Ltd. ("Al-Misehal") opposes the motion at docket 101.  Defendant's reply is at docket 103.  Oral argument was requested, but would not assist the court.

## **II.  BACKGROUND**[1]

Al-Misehal is a Saudi Arabian company.  It received an order from the Minister of Defense and Aviation of Saudi Arabia for seven customized vehicles.  TAG is an Arizona corporation that does customization work.  On March 20, 2006, Al-Misehal contracted with TAG for the purchase of seven customized Ford Excursions.  Three of the vehicles were to be armored and equipped with remotely operated weapons systems.  Four of the vehicles were to be equipped with BombJammers ("jammers") to defend against improvised explosive devices.  The vehicles were to be delivered by September 22, 2006.  The total contract price was $1,892,000.  Al-Misehal provided TAG with a $946,000 deposit.[2]

On April 10, 2006, TAG contracted with Homeland Security Strategies, Inc. ("HSS") for supply and installation of the jammers.  TAG almost immediately communicated to Al-Misehal concern as to HSS's ability to perform.[3]  By May 13, 2006, TAG sought assurance from HSS that it would perform.[4]  TAG never received assurance from HSS, but as late as June 10, 2006, conveyed to Al-Misehal that it believed HSS would perform under the contract.[5]  Al-Misehal cancelled its contract with TAG on June 29, 2006, ostensibly because HSS's failure to perform meant that TAG could not meet the September 2006 deadline.[6]

TAG ultimately sued HSS for breach of contract in the Southern District of New York and won a $1,018,400 judgment plus interest.[7]  That court determined, among

---

[1] Most of this background is taken from the order at docket 81.

[2] *See* doc. 63-1 at 1.

[3] Doc. 71-2 at 2–3.

[4] Doc. 65-1 at 1–2.

[5] Doc. 63-5 at 2.

[6] Doc. 1 ¶ 12.

[7] Doc. 63-3.

other things, that Al-Misehal cancelled its contract with TAG because of HSS's failure to supply the jammers.[8]

Al-Misehal brought this lawsuit against TAG in June of 2010. Al-Misehal asserted claims for breach of contract and, in the alternative, unjust enrichment. It seeks damages for TAG's alleged breach in an amount to be determined at trial, or return of its $946,000 deposit.

On September 30, 2011, the court granted in part and denied in part Al-Misehal's motion for summary judgment. The court determined that disputed issues of material fact regarding TAG's repudiation of the contract precluded summary judgment on Al-Misehal's breach-of-contract claim. The court also concluded that TAG was not collaterally estopped from asserting that it did not breach its contract with Al-Misehal. The court ruled that TAG was judicially estopped from asserting that Al-Misehal cancelled the contract for a reason other than HSS's failure to supply the jammers.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[10] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[11] In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving

---

[8]Doc. 65-1 at 2–3.

[9]Fed. R. Civ. P. 56(a).

[10]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[11]*Id.*

party.[12]  The reviewing court may not weigh evidence or assess the credibility of witnesses.[13]  The burden of persuasion is on the moving party.[14]

## IV.  DISCUSSION

**A. The Statute of Limitations in A.R.S. § 47-2725(B) Does Not Bar Al-Misehal's Breach of Contract Claim**

TAG's primary argument is that Al-Misehal's breach-of-contract claim is barred by the applicable limitations period.  Section 47-2725 of the Arizona Revised Statutes provides that "[a]n action for breach of any contract must be commenced within four years after the cause of action has accrued."[15]  TAG argues that Al-Misehal's action accrued no later than June 12, 2006, and that, because the complaint was filed on June 21, 2010, the action is time-barred.

Section 47-2725 states that a claim for breach of a sales contract "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach."[16]  The problem with TAG's contention is that Al-Misehal's theory is based on the premise that TAG repudiated the contract.  A repudiation is not necessarily a breach.[17]  Arizona Revised Statute § 47-2610 states that "[w]hen either party repudiates the contract with respect to a performance not yet due . . . the aggrieved party may . . . await performance by the repudiating party . . . or . . . [r]esort to any remedy for breach . . . even [if] he has notified the repudiating party that he would await the latter's performance and has urged retraction."[18]

---

[12] *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[13] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[15] A.R.S. § 47-2725(A).

[16] *Id.* § 47-2725(B).

[17] *See id.* § 47-2610(1), (2).

[18] *Id.*

Even though a buyer may elect to treat an anticipatory repudiation as a breach when seeking a remedy–as Al-Misehal does here–that does not mean that they are equivalent for other purposes.  It does not make sense to treat anticipatory repudiation as a breach for purposes of the limitations period in § 47-2725 given the buyer's option to await performance.[19]  In other words, anticipatory repudiation only becomes a breach when the aggrieved party elects to treat it as such.  Regardless of when TAG repudiated the contract, it would not constitute a breach until Al-Misehal cancelled the contract on June 29, 2006.

## V.  CONCLUSION

For the reasons above, TAG's motion for summary judgment at docket 97 is **DENIED**.  It still appears to the court that this case should be settled by the parties, and they are again encouraged to do so.

DATED this 30th day of May 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[19] A.R.S. § 47-2610(1).